First case this morning is case number four one five zero nine zero zero in the marriage of Valerie and Martin Schmidt for the appellate we have Marie Castile for the Appalachian would miss May it please the court Counsel, my name is Marie Castile and I represent. Mr. Martin Schmidt in this field We are here today because at the trial level my client's monthly income stream was cut nearly in half and awarded to Miss Schmidt as part of the party's property distribution in the marital dissolution This division resulted in a dramatic repositioning of the party's respective financial situations such that prior to the dissolution My client had been retired for nearly eight years and during their separation The latter part of the marriage the parties had largely enjoyed somewhat similar income streams After the dissolution and really entirely as a result of the court's order and property distribution Miss Schmidt Enjoyed a 73 percent greater gross month monthly income than my client and as a result of that Repositioning her standard of living vastly improved over that that was what's the time frame you're speaking about there? Were there was this improvement? This would be after the judgment of dissolution would come into effect. So at this point in time, I don't believe mission But as a result of the court's order She would be enjoying a 73 percent above and beyond what my client is actually receiving a month Is that gross or net gross runner? Okay, what was the net? Net I I am not entirely certain I think it's in the same ballpark in the sense that the parties would both be paying income in income tax on both of their incomes And so we're looking at probably 68 to 73 percent even at that, okay My client's ability to beat his basic standard basic financial needs was greatly reduced as a result of this court's order and if you look at the court's comments in the motion to Motion to reconsider hearing that you go to like page 47 and the content of the course order itself It's clear that this repositioning is largely the result of the court's interpretation and application of the IMD ma Specifically to the extent that it regarded the pension as property subject to this division without regard to the benefits as an income stream specifically for my client to the extent that the court's order was Results from a misapplication or interpretation of Illinois law that is subject to a de novo review I'm to the extent of the court's order Resulted in an inequitable distribution that would be subject to the discretion Now I briefed five issues for this court today but today I really want to focus only on the issues of the pension and how it was how it was handled by the trial court and That's because it's the most important issue to my client and frankly, I think the most important issue of the case By way of boiling down those issues. I want to just really address basically three questions with the court today Regarding a pension it at the time of dissolution. What is it? Is it property? Is it income? Is it both? When is it? When is it property? When is it income and How should the court have dealt with it under these particular circumstances and with respect to answering that third question Which I will get into more deep in more detail later Our argument that the trial which court should have regarded the pension as income and its failure to do so Resulted in an inequitable distribution of property that should be reversed and remanded with special guidance to the trial court as to this specific issue So, what is it? What is a pension if you ask a 30 or 40 year old who still has 15 or 20 years of work ahead of them? Is your pension property? You're probably going to get the answer Yes And if you look at the IMDMA and supporting case law that deal with pensions at the time of dissolution the answer is also yes but if you ask a retiree if you ask my client and Probably his wife prior to their dissolution. Is that pension income? The answer is going to be yes This is the thing that comes in the mail every every month It's nothing more than a paycheck that is used to pay for utilities to buy groceries and to meet your basic daily living expenses And if you look at the IMDMA and supporting case law, you'll find that the IMDMA matrimonial law also treats a pension as income so How do we? How do we resolve this apparent discrepancy in the statute? How do we resolve this apparent discrepancy in the case law? Well, I would argue that the real discrepancy is a matter of timing When is it when is it income? When is it property and the distinction between how the typical divorce case plays out in terms of timing and circumstance? Differs from this the case at hand is distinctive and important here when you get that third year four-year-old in the courtroom I'm going through their dissolution both parties are working that pension It's clearly in the property box and courts It's filled a lot of ink and killed a lot of trees to get us to a place where we can analyze how to divide That up how to value it who gets what and how do we treat this thing? 15-20 years into the future when one of those parties are retired Typically the obligor of some support or maintenance obligation retires They get in the back in court on a modification motion Is that pension income and there's the rude awaken at least for probably one of those parties that that thing is it has now moved? From the property box into the income box and now even if it was divided back here at dissolution We have a brand new set of rules for how to deal with it given the circumstances of the parties Now what does that have to say about the case we have at hand well what we have is a situation we need constellation of facts where the Retirement preceded the dissolution by a fair amount of time and the pension itself was utilized within the marriage to establish the standard standard of living that the parties experienced the parties live separately for several years before their Dissolution is finalized and during that time and even during part of their marriage their Standard course of conduct was to ultimately be reliant on their own separate incomes Abilene on her income as through the small business that she owns and my client on his retirement income So we go back to the question is when is it? the Difficulty that I think the trial court faced in this particular instance was focusing in very narrowly on that timing issue and How it didn't seem to size up with the black letter of the statute defining a pension as property subject to division Um, but I don't think that the cut the trial court adequately considered the remaining resources It had within the entire context of matrimonial law to treat this pension equitably There are really just a couple of cases that I found In my review and I want to go back to what the court did whether it was equitable and how it could have handled this Better, but I do want to explore the few cases that I found in my research that dealt with pensions that Moved into this Place of income versus property in terms of timing I basically identified two cases one that it's noted in my brief banker whether you've got a retirement that preceded the dissolution and in that case the court decided to reserve jurisdiction on the pension and Award the other party maintenance instead of a portion of the pension and this court was a fourth district case this court said that was improper because The remaining rules in matrimonial law that you don't give you don't give maintenance and move property And there was no reason to not divide this pension up and that was the instructions that were given ultimately to the trial court that First you divide up that piece of property give her that equitable share and then determine whether or not maintenance is warranted Then the distinction between that case in the case at hand is the fact that there just isn't enough of the pie to go around After you divide that pension up at least not for my client Ultimately the result of this case is that by virtue of dividing up the pension You've moved the parties from a place where they're pretty close in terms of their Resources and needs to my client having not near enough and her having substantially more We're in banker. You are moving the parties from place here to kind of about here So what do you do when you don't have enough property to go around? I think that that courts have dealt with this in a variety of different context not in that not involving pensions and Often that means that one party gets more of the property distribution than the other in order to meet their needs They have awarded maintenance in order to accommodate wherever there's not enough property These are not new principles that we're applying here These are simply other rules that come into play when you're dealing with the subjective situations of the parties In fact if you look at in rate marriage of Charles The court there indicated that there should never be a situation Where one party gets to stand the standard of living that they've enjoyed the marriage at the reduction of the other party and in this case the difference between That standard in the present circumstances even more dramatic for one party standard of living was dramatically improved at the cost of my clients and To really kind of bring that into light What we had was a situation where prior to the dissolution Ms. Schmidt enjoyed a an approximate gross income of about 2166 a month My clients pension benefits were approximately twenty eight hundred dollars a month After the dissolution by virtue of having divided the pension in half his growth month monthly income stream is reduced to 1820 a month hers increased to 3146 Now This is clearly inequitable in the context of the remaining property distribution to the extent that both part the remaining portion of the property distribution was practically equal Both parties will get their security in the future both will receive a portion of Marty's 401k Which was divided equitably both have some nominal inheritance interest that they continue to derive some income from But only Ms. Schmidt retains a business that she continues to operate and accumulate wealth with and Presumably an asset that she can sell when she chooses to retire Only Ms. Schmidt retains real estate that can be used to derive continuing farming if nominal farming income from and When Marty reaches the time that he can draw on his Social Security his pension benefits will actually decrease So the long-term impact of dividing this of not dividing this asset For Ms. Schmidt is actually less than it would appear on its space While at the same time the present impact to my client is pretty devastating. When does your client turn 62? I believe that he's able to draw on Social Security in 2017 The Trial court was aware that the trial court take that into consideration Regions final determination in its order it didn't speak of that specifically it indicated that had they considered the age of the parties and their Employability and other considerations and felt that the division was an equitable distribution It's not clear to me specifically which facts it hung its hat on but it was aware of that The comments that the court made it the motion to reconsider hearing however, I think are particularly telling So going to what did they consider the court think that this was an equitable distribution? I don't think the trial court did if you look at the motion to reconsider hearing at page 47 The trial court basically tells Ms. Glenn who is the attorney that represented my client at the trial level Ms. Glenn if you would if you choose to appeal this case, and I hope you do I Hope it's not a rule of 23 opinion because I think this is an area basically that that we require some guidance Which suggests to me that the court was mostly focused on? The black letter definitions that were being handed and perhaps it perceived some limitations that weren't there I don't understand why the court felt it could not achieve an equity distribution based upon How the pension was categorized whether there's a stream of income or property white Why does that prohibit? However, you categorize it in equitable distribution as you said? There's other mechanisms to achieve what is considered to be equitable Absolutely your honor and I I would be inclined to agree with you It's our position that the court misconstrued the law in the sense that it was limiting itself to defining it as property I think that the inequitable distribution resulted from its Perhaps fixation on that specific attribute and and perhaps abandoned some of these other Factors at that point in time essentially stopped its analysis And I can only speculate as to that because I can't imagine any other way that the court could get to the distribution that it had Especially when it could have awarded maintenance or some other reciprocal offsetting payment and it didn't You represented that your clients gross income Following the court's judgment was reduced from 2,800 Approximately per month down to 1828 per month. Is that correct? That's correct and further that Valories gross income was reduced from or increased from 2166 per month at 3146 that also is correct. That's not is ms. Wood going to refute those numbers or Are those in dispute or those just as a matter of fact based upon? What's in the record with regard to financial affidavits etc? So the basis that I came for for those gross incomes was I was taking their two primary income streams Basically their gross incomes both also includes some what I would consider nominal income from other sources my client has a Family's trust she has a Kind of a trust interest in an LLP and receives tips and stuff like that So these there are if you would to really want to characterize them exactly their income bracketed within a couple of hundred dollars of 1820 and 31 46, but they're very close To those numbers so in this would and of course I don't I know you don't know what she's gonna say for sure You don't anticipate that there's going to be a wide discrepancy Between what not the numbers you've represented the court in which she's going to say that I do not not in terms of gross Okay, in terms of gross now their figures take into account the medical insurance portion Do my note my calculations for that no your honor because I'm considering them gross prior to any deductions And that would include health insurance my client pays approximately five hundred dollars or so a month Give or take for health insurance According to the record, and I don't know what to what extent that would change on post dissolution I believe the record reflect reflected that she had looked into Cobra, but no other health insurance options So I'm really not sure on how the health insurance would actually affect her well Isn't there evidence in the record in that regard if she pursued Cobra? Coverage the cost of that coverage was approximately eight hundred dollars, but again. She did not look into any other possible avenues for lesser cheaper alternatives and I I Don't know what it costs after Cobra expires, but the trial court when it makes its determination in this case has That figure correct absolutely in it. I believe it's certainly considered that as a factor, okay? So if you run the figures net Then what do we have that brings her? I I didn't put those numbers in front of me, but I if you subtract 8 from 31 that brings you 2022 23 hundred dollars a month where he's at 18 20 minus 500 so he's at 1,300 after health insurance and she's at 2,200 have you factored in then the the lesser medical insurance For him, I don't know what that would cost and it was not in the record. No May I continue and so ultimately when we take a look at The surrounding case law that that is packaged up around this course decision and take a look at The factors that are provided in the IMD a main for how it is that we derive in an equitable distribution of property At least half of those factors favor in In favor in my client receiving probably a greater portion of the of the property estate to the extent That he would need it to live off of he's less employable than Ishmael He was retired for eight years prior to the party's Point where it was difficult difficult for him to remain employed He is a little bit older than her Chooses to continue to work and doesn't have any fine health considerations that appear to be interfering with that ability in terms of what I think one of the more telling Factors that should have been considered by the court was how the property distribution would affect the party's Financially at the time that the property distribution would take effect If you take a look at the factors that would come into play for considering whether or not maintenance would be warranted Also, very telling nearly 11 of the 12 factors provided there would be in favor of my client receiving maintenance But only as a result of the courts Distribution of property when the parties walked into court at the beginning of their dissolution They were not in a position where maintenance would have been something that my client Should have needed had the distribution of property and their financial interests been equitable My client ultimately walked out of court at the end of the dissolution in a position where he would have needed Maintenance and the other and his spouse been in more of a position to pay him maintenance Ultimately I will I argue here today trial court narrowed in on a very discreet Understanding of what a pension is Without regard to any of the timing or circumstances of the parties that are truly relevant in the situation the fact that it indicated to my Senior partner that he hoped that the court that the opinion would be Appealed and hoped that it would be an opinion from which he would get some guidance suggested to me that this court struggled with Decision and that it really Ultimately is not the role of the court to shrug its shoulders and tell the parties that is before it That I'm sorry. I I can't help you and allow one of the parties of a dissolution to ultimately be a martyr to the marital estate It's the role of the court notwithstanding anything else but to divide a marital estate equitably in just proportions That does not always mean mathematical equal Mathematical equality and there are more than enough analytical tools The court could have employed to get to a more just in a more equitable result, and it shows not to Okay, thank you. You're out of time, but you will have rebuttal. Thank you. Mm-hmm this would I Think it's first important to note that the proper standard of review for this particular issue and several of the other Appellant's issues is one of an abuse of discretion This is not a statutory interpretation issue. It's not a de novo standard in fact if we look at 750 ILCS ILCS 5 5 0 3 b 2 Our Illinois statute makes it specifically clear that for the purposes of distribution of property pursuant to this section all pension benefits Including pension pension benefits available under the Illinois pension code and it defines other pensions IRAs defined contribution plans and so forth acquired by Or participated in by either spouse after the marriage and before a judgment of dissolution of marriage or legal separation Is entered are presumed to be marital property and the only way that presumption can be overcome Is that the trial court is convinced that it's non marital property under the non marital property factors? With a decision from a trial court that a litigant is dissatisfied with in this particular case the case laws They're the schema show you an abuse of the trial courts discretion We find ourselves before you much too often because litigants are simply dissatisfied the trial courts decisions They're coming here Essentially asking for what's nothing less than a redo or a second bite of the apple When instead the Appellant's burden is to show that this judge abused his discretion that no reasonable person would have adopted his position and when we look at the statutory authority for defining pension benefits as Property and we look at the case law in Illinois that's replete Stating the same which I cited to in my brief the pension benefits are property Including benefits in pay status and I cited specifically to the Burkhart decision and there are others Pension benefits in pay status are property as well so to try to Change the definition of what pension and retirement benefits have been characterized in Illinois for decades before this court is Possible for this Appellant to show you trial court abused its discretion when it properly found What our courts have stated all along he was to do that. This is marital property Can you explain for this just in very practical terms Using perhaps the facts in this case how it is that it makes a difference whether it is identified and considered strictly an income stream versus an item of property If the trial court takes into account Its value whether one or the other and let's just say that it did that Instead of considering it Maybe a combination of both How was it an abuse of discretion here in terms of an equitable result? It was not Tell us how it was not it was not because the court one found that this was property number two Found it to be equitable based on all the evidence presented to it that that be divided in some way shape or form in this particular case the trial court determined that an equal share of the marital benefits be divided between the litigants and Following the Burkhart decision the fact that these retirement benefits were in pay status Doesn't change their very nature as being property They're still considered property to be divisible now some math has been presented to you by the Avalon today Which I think changes a bit her argument that this isn't property at all So it shouldn't have been divided as property to one of well, even if it were property It wasn't fair because wife ends up with more net disposable income or gross disposable income than husband I would suggest to you that the record is clear that that's not the case I didn't provide that in my brief as well, but while I was listening to argument I quickly did some math and within our brief We did outline the findings in terms of what each of these parties had with and without the retirement benefits what husband has is $1,800 per month in pension benefits after the thousand dollars per month is paid to wife if a quadro is entered in that division is Upheld that's roughly twenty one thousand six hundred dollars a year What husband doesn't include is that he receives anywhere from three to thousand to fifty five hundred dollars in trust income annually He's the benefit of a family. He's a beneficiary of a family trust that pays him annual income And he produces crops each year the most recent crop evidence Value available with sixty eight hundred dollars per year that puts him at thirty three thousand seven hundred and fifty eight dollars per month The evidence was uncontradicted that wife in this case Works two jobs while husband remains unemployed since he retired at age 52 the evidence was also clear She asked him to work an additional four hours four years until their daughter graduated from college, which he didn't do So he retired at the young age of 52 while she continues to work Two jobs as a hairdresser and working in her family tavern her income from that net each year is fourteen thousand $350 She'll receive pension benefits of twelve thousand dollars for a total of twenty four thousand three hundred and fifty dollars annually And you're correct justice Harris what we have to take into consideration is and she pointed this out at trial I believe the court considered this very much $800 plus Almost seven almost nine hundred dollars of her monthly thousand dollars in pension benefits will go to having to get health insurance for herself And there was never an argument presented at the trial court that I found in the record that there was other better insurance available For a self-employed hairdresser than the coverage she had located and so even after the court's distribution Husband will still end up with more disposable income and husband can work Because the evidence was also unrefuted that he enjoys a large piece of recreational property in the state of Missouri That was awarded to him. He hunts he fishes he tends that property he works crops There is no evidence suggesting that his health was any worse than wife's health and she gave Testimony about how hard it's been for her to stand on her feet all day and work as she does So in essence even though I don't believe the argument was made at trial that Well, I'll strike that Even if we were to consider this a non property issue And this is an income issue what the appellant is essentially asking you to do Tell the trial court that wife shouldn't get any of this because although counsel states there were other remedies ie maintenance Both parties requested the other be barred from receiving maintenance and neither party requested maintenance This wasn't a spousal support case So unlike the shrimp decision where the trial court did not find pension to be not property that wasn't a finding The property decided to give wife maintenance from those same funds Martin's not suggesting the Valor get a dime of this not a dime in any way shape or form whether we call it property or maintenance and The maker decision that counsel also has cited to actually supports our position in this case We're in the trial court in that case also awarded maintenance and reserve Jurisdiction on the pension issue the appellate court said that wasn't abuse of discretion It's a very valuable asset that should have been divided between the parties wife shouldn't have been denied Her time value portion of that pension by having to wait until some date in the future and receive maintenance during the interim So I think it's clear in this case that one pension benefits are property to they were equitably divided and Three the trial court did not abuse its discretion in that regard this would You heard my question to opposing counsel about what she represented was gross income of Both the parties and she had 1828 and 31 46 and your numbers are completely different Wow, how is it that to accomplish attorneys like yourselves come up with such different? Numbers on what exactly was the gross and net for each of the parties? I don't know the answer to that your honor I looked directly to the record and on page three of my factual Statements to the court. I outlined citing directly to the record the evidence that was presented in that regard There is a figure for mr Martin that has and at thirty three thousand six hundred a year before he shares pension benefits with his ex-wife The record in my opinion was clear that that is reduced to $1,800 a month or twenty six twenty one thousand six hundred per year if the twelve thousand per year is then over into Valerie's Goes to Valerie and then if we pair with that which counsel did not share with you the other income they receive She shares with you that wife did receive other income as a hairdresser and working in the tavern The record is clear that those amounts total on a net basis Fourteen and some odd thousand dollars per year. That's all she doesn't make a lot of money She did not share with you husband's additional sources of revenue from his trust and from his cross Where are these crops are those in Missouri? They are and that's Is that profit or is that sixty eight hundred dollars in crops minus? Whatever was spent on Inputs it appears. I'm not sure a hundred percent on that, but it appears from my reading of the record That was considered his income or his profit It's fairly large parcel It's my understanding that there's fairly decent hay production coming off of that parcel from him The hay is that the hay in the end on the Waynesville property or Hay in Missouri, honestly, I think it's in Missouri, but I'm not a hundred percent sure But regardless it's on property That's is and that he tell me about the one point zero eight acres. Yes, please start off by explaining to me because I couldn't How that one point eight acres affects the rest of the Waynesville property I mean is it completely around it is it on one side of it? Does the house have the remaining two acres and then it just is part? would if you get past the lawn part and there's this Piece of ground where they raise hay I guess the detail on that at trial would indicate that it does conjoin the real estate on which the Marital home is located and it was deeded from the trust over into the The deed that's in the record Well, if the 1.08 is taken off you still have a parcel of Real estate with the house on it you do it was the evidence was Uncontradicted by both parties that the reason that that was deeded over was to square up the boundaries of the entire piece It was why should I care about what the intent was? Well from a non-party grant or I think? Well, the intent was also what the litigants elected to have done to a parcel that was started out as non-marital For husband and by his acquiescence through the trust was deeded to him with the life remainder But then he quit playing those parcels those I think there were two of them this third one that's in dispute here Was left to him in a fee simple absolute isn't that correct? It was left to him in a well It's interesting because when you look at that deed it appears to be what I have looked at that deed And it is quite interesting what in the world is a fee simple subject to being transferred at death to spouse Transferable what does that mean anything's transferable well? I agree, but the interesting thing about this deed is it just did not be that parcel to husband So if the idea were for this just to remain husband. I don't understand that at all well. It says to us or it says to Martin in fee simple I Was thought if it's to someone in fee simple. That's basically everything there is well There's nothing left over it goes on to say and transferable on death to Valerie Schmidt wife the grantee Which to me means absolutely nothing and with all due respect I disagree I think the intent of all involved yes for that to a case that says that my Interpretation with which you disagree is incorrect. I do not Then why do you disagree? Well because in this case in family court what we're trying to determine is whether this is non marital in nature And if we go through the 503 factors to identify non marital Inherited and gifted properties can be considered non marital so long as they're not transmuted or commingled into the marital estate was this I? Believe this was because of two things number one the all all involved agreed It was done to square up where their terms the parcel on which the marital resident. Yeah, why should I care about that? I think that's the deed and what the deed says is it's transferred in fee simple well because I think with gifts to the marital estate Intent is very relevant and the intent here was to make the marital residence parcel who's bigger Martin's Valerie's and to some of the grant or well the grant or I don't know there was no evidence as to why she did this Whether has been asked her to do it Whether that's precisely what my problem is there's no evidence about this well There is some evidence. It's called a deed True vegan fee simple and we as lawyers know what that means yes I don't say you overcome the 1.0 a per argument myself Okay, well with again I would suggest there's two points that support Valerie's position on this first is the testimony at trial that this was meant to make one Parcel that was a joint tenancy by the parties bigger It was to square it up and add to it and then the deed itself Doesn't say sole ownership to Martin the grant or a sole ownership to Martin transferable to Valerie upon his death That means something it means that he doesn't have Exclusive beneficial interest to this property. He has a beneficial interest in this property until he dies when was the worse of the deed Executed in 1992 okay, so how many years? Did the parties live together on that piece of property thereafter I don't know when they were they were married 26 years ago I don't recall how long they resided in the marital residence so a number of years though after the deed was executed They lived on that piece of property and there were separate legal descriptions for These other pieces correct. Yes, there were three parcels actually to any event. Why wouldn't it be the deed? in the language of the sharing Justice Turner's concern here Why wouldn't it be the equivalent of a car title where title to a vehicle is put over to? in the husband's name So we have that as evidence of ownership, but thereafter we have evidence of the car being used by both parties during the course of the marriage and shared and the trial court making a Determination as to that being marital property based on these other factors So is it simply the language of the deed that controls its determination as? or characterization as marital versus non-marital Or do we need to look at these other? factors such as The other pieces of property how it was used and perhaps maybe what the intent of the parties was as to that piece Yes, I believe so honestly The how properties are titled may not necessarily determine whether they are marital or non-marital in nature The pen we can go back to the pension that can only be held exclusively in the participants name many times Vehicles are acquired during a marriage and only titled in one party's name Sometimes real estate is acquired during the marriage and only titled in one party's name There were three parcels of property in this case that were transferred in some way shape or form That are related to this conjoining piece to the parties There was reliance on that When wife's living in the marital residence and asking for that to be awarded to her of course and she testified in detail about this I want the piece that touches that that was used to square up and make it more whole So I'm not sure that deed controls as much as this clearly was meant to be gifted from Norton's Non-marital estate to the marital estate to make their marital parcel bigger to make it make more sense in terms of boundaries They used it and I think I misspoke on the date that deed was Will you say that's clear to a very clear to me? Why wasn't it left to both of them that would be clear here clearly was not that's the biggest Quandary and no one provided any testimony as to why this deed is different than the other two deeds I don't think it needs any testimony. It speaks for itself But it also includes a language that it's transferable to Valerie, okay, well she died first What would Martin have he'd have it would be it was the determination by the trial court that it was marital property? Is that subject to the abuse of discretion standard? Yes, it is Yes, and so The question there again becomes one of can no reasonable person adopt the trial courts position in that regard The testimony that by all involved that this was meant to make our marital residence property whole it made sense to take this pie shape And add it to the marital property the fact that Valerie's name is included within the deed to have an interest in that property The fact that they enjoyed this property together lived there used it mowed it trimmed it and she relied upon that and her request to Have this residence Awarded to her that only makes sense to have it put with it And I'd add one more thing. I think it's very important Martin never obtained a separate valuation for that parcel Both parties relied on a fair market appraisal that had all three parcels together So how is Martin to argue and how is the trial court to find what the value of the other two pieces is separate from? This even going into trial just assigned it to him. You don't need it Well, then Valerie's overpaying for the other two parcels because they were appraised all three together So if we only assign that hundred and sixty five thousand dollars to her for two parcels And he gets the third without assigning a value. She's she's overpaying for the marital So why was it his onus alone to get a value on that one point or eight one point zero eight acres? That would be the onus of both parties I believe it was his onus because our case laws clear and the statute is as well all properties presumed marital It's presumed marital unless and unless it's inherited Well, and the burden is on the person who wants to make that assertion to prove that to the court by clear convincing He did not and didn't offer any so you're leaving me with the impression I just disregard the deed I Don't think you need to disregard the deed completely because I think the deed actually Supports Valley's position that her name is within that deed now why they use this language I don't know if I don't do estate plannings white if toddies were even in effect then or what? But the intent of the parties was to make the marital residence parcel one That's what they did and this didn't just get deeded to Martin. It got deeded to Valerie They use this property and it was Martin's burden to show this was not a gift to the marital estate Let me tell you why and that didn't happen And then he also didn't help the trial court by saying by the way the two parcels I don't contest that be awarded to my wife are worth less because we can't include this 1.08 valuation within Counsel, thank you. Thank you very much We both please Your honors there are just a couple of items that I want to deal with specifically With respect to the crops that my client apparently has access to growing on the trial record is clear that he is not able To actually derive substantial income from crops on his Missouri property that at one point in time. He had attempted to grow hay grass for feed But ultimately the ground was too rocky and untillable The tillable land that is producing the substantial hay income another crop income is actually the property that remains in this Possession and the trial record also indicate that The party with whom Marty previously had worked that ground with was his brother and that his brother would be amenable I'm to continuing to do that on on mission. It's a half of the record reflect the trial court took into account the income producing nature of that property that it attribute any income based on the hay to To the wife that I do not recall for certain. I'd be hesitant to give you a specific answer on that because I don't recall But that income is attributed to her if she were to choose to pursue it With respect to their gross incomes But I was basing my numbers really on the hard numbers that the parties provided Yes, my client receives trust income as a portion of his estate but yes Miss Schmidt receives a part of an inheritance as well the work The job that she has at her at the family's tavern She testified to on the record was a volunteer position and in fact the tavern could not produce any documents going to what kinds of payroll or Really anything that they were paying in terms of taxes that they would have to pay mission for the work We are led to believe through the record that she receives a very nominal amount of tip income From both her work at the salon and at tavern Now as nominal as it was I find I find that testimony myself to be a little bit less than precious But I believe the court took it at face value With respect to the numbers that we do know for certain in addition to my clients trust income which was deemed to be non-marital because it was an inherited interest and aside from the income that Valerie would be receiving through this tavern the LLP which by the way if they Family were to ever sell the LLP she'd be having I believe it's a one-third interest in whatever the proceeds of that sale would be really at the discretion of only her father The income she does receive in terms of payroll is a $500 a week pay that she gives herself From the salon there is no indication that she has health issues that would prevent her from continuing to work however my client Testified to extensive physical injuries that he received over the course of 30 years and that his decision to retire was largely based on His ability to get around physically which brings us to The expectation that my client should pursue employability When he testified to the effect that he had difficulty walking on Solid ground he's expected to get a job, but she's not expected by a Epilepsy argument to seek lesser expensive insurance Which brings us to the reasonable the abuse of discretion standard in terms of abuse of discretion? I don't think any reasonable person could possibly allow one party To have to reduce their standard of living in order to improve the standards of the other as far as the case law that goes to supporting the Pension is property There is also case law out there that suggests that it's also income, but none of that distinction relieves the court of its duty to As far as the standard of review that is required one last thing in order to determine Whether something is marital or non-marital property is a manifest way of the evidence Standard in the particular instance of dealing with the deed at hands It is my understanding of the record that the trial court essentially stopped at the threshold decision of determining that it was titled Jointly in the party's names and stopped there didn't consider transmutation of commingling which I believe would be secondary analysis It decided that it was a it was a piece of those marital property and ultimately stopped there I Do believe that this is the court's decision wasn't equitable Largely as a result of its impact on my clients on day-to-day income as far as whether or not Valerie was entitled to a Pension I would suggest that she's nobody here is suggesting that Valerie is not entitled to anything at all she's entitled to an equitable distribution of the marital estate just as my client is and That is all I have for the court today. Thank you very much Thank you, miss Castillo. Thank you miss wood for your argument. We appreciate it case is submitted and the court stands recess